## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Stacy A. Fleming,<br><br>     Plaintiff,<br><br>v.<br><br>Wells Fargo Home Mortgage; and<br>U.S. Bank, National Association, as<br>Trustee for Citigroup Mortgage Loan Trust<br>Inc., Mortgage Pass-Through Certificates,<br>Series 2006-AR3,<br><br>     Defendants. | Case No. 15-cv-2683 (PJS/HB)<br><br><br><br>**REPORT AND RECOMMENDATION** |

Stacy A. Fleming, 3975 Cardinal Court, Rosemount, MN 55068, pro se

Jessica Z. Savran, Faegre Baker Daniels LLP, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for Defendants

HILDY BOWBEER, United States Magistrate Judge

   This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 4] and Defendants' Motion to Enjoin Stacy and Brian Fleming from Filing Further Pleadings Except Under Limited Circumstances [Doc. No. 11]. Defendants Wells Fargo Home Mortgage ("Wells Fargo") and U.S. Bank, National Association ("U.S. Bank") (collectively "Defendants") move to dismiss all claims for failure to state a claim on which relief may be granted. (Defs.' Mot. Dismiss at 1 [Doc. No. 4].) Defendants also move to enjoin both Plaintiff Stacy A. Fleming ("Ms. Fleming") and her husband Brian J. Fleming ("Mr. Fleming") (collectively "the Flemings") from filing any future lawsuits or

1

additional pleadings against Defendants regarding the mortgage at issue in this case, unless they first obtain representation by licensed counsel or permission from the Court.[1] (Defs.' Mot. Enjoin at 1 [Doc. No. 11].)  The motions were referred to the undersigned by the Honorable Patrick J. Schiltz, United States District Judge, in an Order of Reference dated June 15, 2015.  (Order at 1 [Doc. No. 3].)  Ms. Fleming is proceeding pro se in this matter. For the reasons set forth below, the Court recommends granting both motions.

## I.    Background

On February 23, 2006, Ms. Fleming entered into a mortgage agreement for the purchase of a home in Rosemount, Minnesota.  (Compl. at 1-2 [Doc. No. 1].)[2]  As a part of the agreement, Ms. Fleming executed a $390,000 promissory note in favor of Gopher State Management Corporation.  *See Fleming v. U.S. Bank Nat'l Ass'n*, No. 14-cv-3446 (DSD/JSM), 2015 WL 505758, at *1 (D. Minn. Feb. 6, 2015).  Gopher State Management Corporation assigned Ms. Fleming's mortgage to Wells Fargo, which in turn assigned the mortgage to U.S. Bank.  *See id*.  Eventually, Ms. Fleming defaulted on her promissory note.  *See id.*

On August 14, 2014, Defendants initiated foreclosure proceedings against Ms. Fleming.  *See id.*  In response, Ms. Fleming served Defendants with a written notice

---

[1]  Mr. Fleming is not party to this case, but was party to two prior cases involving Ms. Fleming and Defendants.  *See Fleming v. U.S. Bank Nat'l Ass'n*, No. 14-cv-3446 (DSD/JSM) (D. Minn. filed Sept. 15, 2014); *Fleming v. U.S. Bank Nat'l Ass'n*, No. 15-cv-0574 (PJS/HB) (D. Minn. filed Feb. 24, 2015).

[2]  The Court cites to the page numbers of the complaint, as no paragraph numbers exist.

to rescind her mortgage. (Compl. at 2.)  Ms. Fleming sent the notice on April 30, 2015. (*Id.*)  The notice specified that Ms. Fleming intended to rescind any "purported obligation" she owed Wells Fargo and U.S. Bank "under the trust deed."  (Compl. Ex. A at 2 [Doc. No. 1-1].)  On May 20, 2015, twenty days after Ms. Fleming sent her notice of rescission, Defendants foreclosed on Ms. Fleming's property.  (Compl. at 3.)

Amid foreclosure proceedings, Ms. Fleming filed a flurry of lawsuits against Defendants.  (*See* Defs.' Mem. Supp. Mot. Dismiss at 1 [Doc. No. 6].)  The present is Ms. Fleming's third lawsuit against Wells Fargo and U.S. Bank filed within the last year. (*See id.*)

### A.    *Fleming I*

The Flemings filed their first lawsuit against Defendants on September 15, 2014. *Fleming v. U.S. Bank Nat'l Ass'n*, No. 14-cv-3446 (DSD/JSM) (D. Minn. filed Sept. 15, 2014) ("*Fleming I*").  In *Fleming I*, the Flemings took issue with Defendants' mortgage foreclosure proceedings.  *See Fleming I*, No. 14-cv-3446 (DSD/JSM), 2015 WL 505758, at *1 (D. Minn. Feb. 6, 2015).  They alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA").  *Id.* at *3.  They also brought a state replevin claim to set aside a foreclosure sale of their property.  *Id.*  Defendants moved to dismiss all claims under Rule 12(b)(6).  *Id.* at *1. The Honorable David S. Doty, United States District Judge, granted Defendants' motion in its entirety on February 6, 2015. *Id.* at *4.

### B.    *Fleming II*

The Flemings filed their second lawsuit against Defendants on February 24, 2015.

*Fleming v. U.S. Bank Nat'l Ass'n*, No. 15-cv-0574 (PJS/HB) (D. Minn. filed Feb. 24, 2015) ("*Fleming II*"). In *Fleming II*, the Flemings brought new claims based on the same foreclosure proceedings alleged in *Fleming I*. *See Fleming II*, No. 15-cv-0574 (PJS/HB), 2015 WL 4365134, at *1-2 (D. Minn. July 14, 2015). They alleged violations of the Truth in Lending Act ("TILA") and Federal Reserve Board Regulation Z. *Id.* at *2. They also brought claims for misrepresentation and "to perpetuate testimony." *Id.* at *2-3. Defendants again moved to dismiss, this time on the basis of claim preclusion. *Id.* at *1. Adopting this Court's Report and Recommendation, the Honorable Patrick J. Schiltz, United States District Judge, granted the motion to dismiss. *Id.*

## C.     *Fleming III*

Ms. Fleming filed the third and present lawsuit against Defendants on June 9, 2015. *Fleming v. Wells Fargo Home Mortg.*, No. 15-cv-2683 (PJS/HB) (D. Minn. filed June 9, 2015) ("*Fleming III*"). In *Fleming III*, Ms. Fleming again focuses on the same foreclosure proceedings. (*See* Compl. at 2.) This time, she alleges that Defendants violated TILA by foreclosing on her property, despite receiving written notice that she intended to rescind her mortgage. (*Id.* at 2-3.) Ms. Fleming asserts that she provided Defendants timely notice of rescission "within [the] applicable statute of limitations of the Truth in Lending Act." (*Id.* at 3.)

Ms. Fleming raises one additional contention. She alleges that she was "prevented from asserting her rights" under TILA. (*Id.*) Ms. Fleming does not specify in her complaint exactly how she was "prevented" from asserting her rights. However, Ms. Fleming expands on the allegation in her response to Defendants' motion to dismiss.

(Pl.'s Opp'n Mot. Dismiss at 2-5 [Doc. No. 9].)  She suggests that Defendants failed to provide her with all the disclosures required by TILA. [3]  (*Id*. at 5.)  She also complains that she did not know of TILA's "filing requirements" until shortly before she sent Defendants her notice of rescission.  (*Id*. at 2-3.)

## II.    Discussion

### A.    Defendants' Motion to Dismiss

Defendants argue that Ms. Fleming's case should be dismissed for failure to state a claim on which relief may be granted.  (Defs.' Mot. Dismiss at 1.)

#### 1.    Legal Standard

On a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), "a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant."  *Wong v. Minn. Dep't of Human Servs.*, Civ. No. 13-3378 (DWF/JSM), 2014 WL 4796464, at *3 (D. Minn. Sept. 26, 2014) (Frank, J.) (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[3]  More specifically, Ms. Fleming appears to contend that Defendants did not provide her with two copies of "a notice of right to rescind" at the time of her mortgage transaction. (Pl.'s Opp'n Mot. Dismiss at 5.)

misconduct alleged."  *Id.*  A court has the duty to construe liberally a pro se party's pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In general, a court may not consider matters outside the pleadings in assessing the sufficiency of a complaint on a Rule 12(b)(6) motion.  *Porous Media Corp v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).  A court may make exceptions to this rule for "matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint."  *Wong*, 2014 WL 4796464, at *3.  However, the conclusions reached in *Fleming I* and *Fleming II* are not relevant to the present motion to dismiss the claims brought in *Fleming III*, and so the Court relies solely on the pleadings in assessing the merits of the motion.[4]

### 2.  Analysis

Ms. Fleming asserts that she provided Defendants timely notice of rescission "within [the] applicable statute of limitations of the Truth in Lending Act."  (Compl. at 3.)  This argument fails as a matter of law.

TILA "grants borrowers the right to rescind a loan 'until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later.'"  *Jesinoski v. Countrywide Home Loans, Inc*., 135 S. Ct. 790, 792 (2015) (quoting 15 U.S.C. § 1635(a)).  However, a borrower's right of rescission "does not last forever.  Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of

---

[4]  The discussion of *Fleming I* and *Fleming II* is relevant, however, to Defendants' Motion to Enjoin.

consummation of the transaction or upon the sale of the property, whichever occurs first.'" *Id.* (quoting 15 U.S.C. § 1635(f)) (emphasis in *Jesinoski*). A transaction is consummated for the purposes of TILA when "a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). A borrower may exercise her right of rescission by providing "written notice" to her lender. *See Jesinoski*, 135 S. Ct. at 793.

Even assuming *arguendo* that Defendants failed to provide Ms. Fleming with all disclosures required by TILA, Ms. Fleming has not pleaded facts sufficient to show she exercised her right of rescission in a timely fashion. Regardless of whether Defendants provided such disclosures, Ms. Fleming's right of rescission expired three years after the consummation of her mortgage transaction. The consummation of Ms. Fleming's mortgage transaction occurred on February 23, 2006, when Ms. Fleming became contractually obligated to Defendants. Three years from February 23, 2006, was February 23, 2009. Ms. Fleming did not exercise her right of rescission until over six years later, when she sent Defendants the April 30, 2015, letter informing them of her intent to rescind. As a result, Ms. Fleming attempted to exercise her right of rescission outside TILA's three-year limitations period.

Ms. Fleming nonetheless argues that the limitations period typically applicable to TILA claims is "barred by the doctrine of equitable tolling." (Pl.'s Opp'n Mot. Dismiss at 1.) This argument is not persuasive.

The doctrine of equitable tolling is a "limited and infrequent form of relief." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). For entitlement to such relief, "a litigant

[must] establish '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way.'" *Smithrud v. City of St. Paul*, 746 F.3d 391, 396 (8th Cir. 2014) (quoting *Pace*, 544 U.S. at 418). For example, federal courts allow equitable tolling in situations where claimants have "actively pursued . . . judicial remedies by filing a defective pleading during the statutory period," or where claimants have "been induced or tricked" by adversaries. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citations omitted). Federal courts are less forgiving, however, in situations where claimants fail "to exercise due diligence in preserving [their] legal rights." *Id.*; *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *McQuiddy v. Ware*, 87 U.S. 14, 19 (1873) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights").

Ms. Fleming has not pleaded facts showing she pursued her rights diligently. She waited over nine years to exercise her right of rescission. Even if Defendants did not furnish Ms. Fleming with every necessary disclosure at the consummation of her mortgage, nothing in the pleadings suggests she diligently investigated the extent of her legal rights. As such, Ms. Fleming does not satisfy the first prong of the equitable tolling test.

Similarly, Ms. Fleming has not pleaded facts sufficient to show that extraordinary circumstances stood in her way. She asserts in her response to Defendants' motion that the primary reason she failed to exercise her right of rescission in a timely manner was lack of knowledge, noting she did not know of the TILA "filing requirements" until

shortly before she sent her April 30, 2015, notice of rescission. (Pl.'s Opp'n Mot. Dismiss 2-3.)  But ignorance of the law does not warrant equitable tolling, even in the case of a pro se plaintiff.  *Stewart v. Domtar Indus., Inc.*, 228 F. App'x 626, 627 (8th Cir. 2007) ("[Plaintiff] argues his ignorance of the law and pro se status justify equitable tolling. Such factors, however, fail to justify equitable tolling.").  As such, Ms. Fleming does not satisfy the second prong of the equitable tolling test. [5]

### 3.    Conclusion

Even when all reasonable facts and inferences are viewed in a "light most favorable" to Ms. Fleming, she has failed to plead "sufficient factual matter" to "'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  As a result, the Court recommends the dismissal of all claims alleged by Ms. Fleming in *Fleming III*.

### B.    Defendants' Motion to Enjoin Future Filings

Defendants next move to enjoin both Ms. Fleming and Mr. Fleming from filing any additional pleadings or lawsuits against Defendants regarding their mortgage unless they first obtain representation by licensed counsel or permission from the Court.

---

[5] Ms. Fleming mentions in passing that Defendants "misled" her. (Compl. at 3.)  This could be construed as a reference to the doctrine of fraudulent concealment.  In some circumstances, this doctrine can stay TILA's statute of limitations; however, the doctrine must be pleaded with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  *See Summerhill v. Terminix, Inc*., 637 F.3d 877, 880 (8th Cir. 2011) ("Under Rule 9(b)'s heightened pleading standard, 'allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity.'").  The Court finds Ms. Fleming's passing reference insufficient to meet Rule 9(b)'s particularity requirement.

### 1. Legal Standard

"Under the All Writs Act, and as a matter of inherent authority, federal courts may impose filing injunctions on litigants who have abused the judicial process through vexatious, burdensome, baseless, or repetitive litigation."[6] *Westley v. Bryant*, No. 14-cv-5002 (PJS/BRT), 2015 WL 2242161, at *10 (D. Minn. May 12, 2015) (citation omitted), *appeal docketed*, No. 15-2713 (8th Cir. Aug. 6, 2015); *see also Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (stating "the All Writs Act . . . grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants"); *City of Shorewood v. Johnson*, No. 11-cv-374 (JRT/JSM), 2012 WL 695855, at *4 (D. Minn. Mar. 5, 2012) ("Federal courts have the inherent power to impose sanctions to regulate their dockets, promote judicial efficiency, and deter frivolous filings. . . . A district court may, for example, bar litigants from any additional filings without first obtaining leave from the Court."). To determine "whether a filing injunction is warranted," a court should consider the following four factors:

> (1) the party's history of litigation, particularly whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had an objectively good faith basis for pursuing the litigation; (3) whether the party has caused needless expense to other parties or has posed an unnecessary burden on the courts; and (4) whether other sanctions would adequately protect the court and other parties.

*Id.* (citing *Cromer*, 390 F.3d at 818; *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

---

[6] Specifically, the All Writs Act allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

Unlike Defendants' motion to dismiss for failure to state a claim on which relief may be granted, all three *Fleming* cases are relevant in determining whether to enjoin the Flemings from filing additional actions or pleadings. *Cromer*'s four-factor test necessitates a consideration of past litigation.

### 2. Analysis

#### a. History of Litigation

The Flemings' history of litigation supports the imposition of filing restrictions. Over the past year, Ms. Fleming has filed three different lawsuits against Defendants, in two of which she was joined by her husband. All three lawsuits orbit the same factual scenario; all three lawsuits assert similar or related causes of action. The Honorable David S. Doty, United States District Judge, dismissed *Fleming I* on the merits. *See* 2015 WL 505758, at *1. The Honorable Patrick J. Schiltz, United States District Judge, dismissed *Fleming II* on the basis of claim preclusion. *See* 2015 WL 4365134, at *1. Ms. Fleming now returns for a third bite at the apple. In *Westley*, the Honorable Patrick J. Schiltz, United States District Judge, ordered filing restrictions on a plaintiff who filed five lawsuits in "less than five years." 2015 WL 2242161, at *10. In the instant case, Ms. Fleming is easily on track to surpass this number. Her history of litigation, like the plaintiff's in *Westley*, warrants filing restrictions.

#### b. Good Faith Basis

The Flemings have no good faith basis for continued litigation. All three lawsuits filed in the past year advance the same core allegation: that Defendants wrongfully foreclosed on their property. A plaintiff may not "relitigate[], vexatiously" simply

because he or she "refuses to accept an adverse ruling." *Dixon v. Deutsche Bank Nat'l Trust Co.*, No. 06-cv-2858 (PJS/RLE), 2008 WL 4151835, at *14 (D. Minn. Sept. 3, 2008) (barring pro se plaintiff from future filings without first obtaining leave of the court). As the sole basis for the Flemings' repetitive litigation appears to be their unwillingness to accept the Court's adverse rulings concerning the foreclosure of their home, filing restrictions are appropriate.

### c. Needless Expense or Unnecessary Burden

The Flemings' lawsuits have imposed needless expense and unnecessary burden on the Court and Defendants. Improper filings waste the "time and resources of [the] Court." *Gruman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1154 (D. Minn. 2011). Improper filings also waste the time and resources of "other litigants . . . who have complied with the [rules]." *Id.* The Flemings had the opportunity to oppose Defendants' foreclosure proceedings in *Fleming I.* That lawsuit was dismissed for failure to state a claim on which relief could be granted, and the Flemings did not appeal the decision. *Fleming II* was dismissed because the Flemings' claims were precluded by the judgment in *Fleming I.* Here, in *Fleming III*, this Court is recommending dismissal because, once again, the complaint fails to state a cognizable claim against Defendants. In short, the Flemings have no good faith basis to impose any additional expense or burden on this Court or on Defendants. Filing restrictions are warranted to avoid further expense and burden.

### d. Adequacy of Sanction

Defendants propose barring both Ms. Fleming and Mr. Fleming from filing any

additional pleadings or actions against Defendants regarding their mortgage, unless they first obtain representation by licensed counsel or prior permission from the Court. Mr. Fleming is not party to this case, but he was party to both prior cases involving Ms. Fleming, Wells Fargo, and U.S. Bank. *See Fleming I*, 2015 WL 505758, at *1; *Fleming II*, 2015 WL 4365134, at *1. The proposed restriction affects only those persons represented in the current proceedings as parties or parties in privity. Further, the proposed restriction is narrowly tailored to affect only those parties and issues necessary to prevent excessive litigation. Given these considerations, no better alternative exists.

### i.      Parties in Privity

An "injunction not only binds the parties [to the litigation] but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control." *Thompson v. Freeman,* 648 F.2d 1144, 1147 (8th Cir.1981) (quoting *Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 14 (1945)). A filing restriction imposed under the All Writs Act follows this standard. *See United States v. Yielding*, 657 F.3d 722, 728 (8th Cir. 2011) (citing *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977)) (explaining that "the All Writs Act 'extends . . . to persons who, though not parties to the original action . . . are in a position to frustrate the implementation of a court order.'"). Minnesota courts have no specific "definition of privity which can be . . . applied to all cases." *Sondel v. Nw. Airlines*, 56 F.3d 934, 938 (8th Cir. 1995) (quoting *McMenomy v. Ryden,* 148 N.W.2d 804, 807 (Minn. 1967)) (internal quotation marks omitted). However, "[i]n general, 'privity involves a person so identified in interest with another that he represents the same legal right.'" *Id*.

The proposed restriction affects both Ms. Fleming and Mr. Fleming. Though Mr. Fleming is not party to the current case, his interests are so aligned with Ms. Fleming's as to represent the same legal right. Through the past three lawsuits, the Flemings have litigated the same interests time and again, against the same parties. In *Fleming I* and *Fleming II*, the Flemings were co-plaintiffs, bringing mortgage-related claims against Wells Fargo and U.S. Bank. In the present case, Ms. Fleming again brings mortgage-related claims against the same Defendants. Though Mr. Fleming is not a party in person to the current proceedings, he is a party in privity. He is thus appropriately subject to the proposed restriction.

### ii.     Tailoring of Restriction

In tailoring restrictions, the court "should not impose a restriction so burdensome that it denies [a party] meaningful access to the court." *Smith v. Ghana Commercial Bank, Ltd.*, No. 10-cv-4644 (DWF/JJK), 2012 WL 2930462, at *16 (D. Minn. June 18, 2012). However, while the "Court is mindful that all persons have a right of access to the courts and that pro se litigants are entitled to some measures of leniency, neither that right nor that latitude permit a *pro se* party to abuse the judicial process." *Westley*, 2015 WL 2242161, at *11 (citing *In re Wislow*, 17 F.3d 314, 315 (10th Cir. 1994)).

The proposed restriction prevents excessive litigation, but does not deny Ms. Fleming or Mr. Fleming meaningful access to the Court. The restriction does not preclude the Flemings from filing suit against Defendants. The Flemings may file suit so long as they first retain licensed counsel or obtain permission from the Court. Moreover, the Flemings may file suit without restriction (subject, of course, to the applicable rules

of the court in which they seek relief) in regard to any other issue. Thus, the requested restriction would enjoin the Flemings from filing only those actions that (1) are aimed at Defendants, (2) relate to the Flemings' mortgage, and (3) are too frivolous to persuade either counsel or the Court that they warrant judicial consideration. Such a restriction is narrowly tailored and in keeping with other rulings of this District. *See Westley,* 2015 WL 2242161, at \*10-11 (restricting pro se plaintiff who filed five lawsuits in five years against various defendants from filing additional lawsuits unless he first obtained licensed counsel or court permission); *Smith*, 2012 WL 2930462, at \*17 (restricting pro se plaintiff who filed three similar lawsuits against defendant from filing additional suits without court permission). As such, it warrants adoption.

### 3. Conclusion

For the reasons set forth above, the Court recommends granting Defendants' motion to enjoin both Ms. Fleming and Mr. Fleming from filing any additional pleadings or actions against Defendants arising out of the mortgage at issue, unless they first obtain representation by licensed counsel or permission from the Court.

## III. Recommendation

Based on the above and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      Defendants' Motion to Dismiss [Doc. No. 4] be **GRANTED**;

2.      This case be **DISMISSED WITH PREJUDICE**;

3.      Defendants' Motion to Enjoin Stacy and Brian Fleming from Filing Further Pleadings Except Under Limited Circumstances [Doc. No. 11] be **GRANTED**;

4.      Stacy A. Fleming and Brian J. Fleming be **ENJOINED** from filing any further lawsuits, pleadings, or other papers in the District of Minnesota concerning Defendants, facts, or issues involved in this or related actions unless they (a) are represented by an attorney licensed to practice before this Court, or (b) obtain prior written approval from a judicial officer of this District; and

5.      **JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: August 11, 2015                  _s/ Hildy Bowbeer_
                                        HILDY BOWBEER
                                        United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.